UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| OLIVIER MARTINEZ and SHEEBA, INC., | : | Case No. 07-CV-3413 |
| Plaintiffs, | : | |
| v. | : | **ANSWER** |
| VAKKO HOLDING A.S., VAKKO TEKSTIL VE HAZIR GIYIM SANAYI ISLETMELERI A.S., CEM HAKKO, STARWORKS, LLC, TURK HAVA YOLLARI A.O., TURKISH AIRLINES, INC. and JOHN DOES, 1-10, | : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants TURK HAVA YOLLARI A.O. and TURKISH AIRLINES, INC., by their attorneys Bryan Cave LLP, answer the allegations of the Complaint as follows:

1. Deny the allegations as to them, and deny knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 1 of the Complaint.

2. To the extent that the allegations contained in paragraph 2 of the Complaint are a conclusion of law, no response is required; otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. To the extent that the allegations contained in paragraph 2 of the Complaint are a conclusion of law, no response is required; otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admit that at least one of the defendants is subject to personal jurisdiction in this judicial district.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that defendant Turk Hava Yollari A.O. ("THY") is a corporation organized under the laws of the Republic of Turkey with its principal place of business in Istanbul, that it is the national airline of the Republic of Turkey, and that it conducts its business worldwide, including in the State of New York.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

C056825/0210333/1392151.2

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except deny that defendant THY and Turkish Airlines, Inc. are currently using any image of plaintiff Olivier Martinez in connection with Vakko advertisements

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that the in-flight duty-free magazine, S'HOP, which is available to passengers on THY international flights, did contain an image of Olivier Martinez in an advertisement for a Vakko product at certain times prior to May 2007.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Answering each and every allegation of paragraph 18, repeat and reallege each and every response to the allegations of paragraphs 1 through 17 of the Complaint, the same as if fully set forth herein.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit that between August 2006 and May 2007, an image of Olivier Martinez appeared in a Vakko advertisement in the in-flight duty-free magazine S'HOP.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that THY carried millions of passengers in 2006, including to destinations in the United States and Europe..

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint as to them, and deny knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**

30. Answering each and every allegation of paragraph 30, repeat and reallege each and every response to the allegations of paragraphs 1 through 29 of the Complaint, the same as if fully set forth herein.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION

38. Answering each and every allegation of paragraph 38, repeat and reallege each and every response to the allegations of paragraphs 1 through 37 of the Complaint, the same as if fully set forth herein.

39. Deny the allegations contained in paragraph 39 of the Complaint, except admit that at times S'HOP has included advertisements for products from Montblanc, Swarovski, Calvin Klein, Swatch, Adidas, and Vakko.

C056825/0210333/1392151.2

40. Deny the allegations contained in paragraph 40 of the Complaint, except admit that Turkish Airlines has a duty-free website and refer the Court to that site for what it states, and admit that some persons who reside outside of Turkey purchase products offered in S'HOP.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Admit the allegation contained in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. To the extent that the allegations contained in paragraph 46 are a conclusion of law, no response is required; otherwise, deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION

48. Answering each and every allegation of paragraph 48, repeat and reallege each and every response to the allegations of paragraphs 1 through 47 of the Complaint, the same as if fully set forth herein.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. To the extent that the allegations contained in paragraph 50 of the Complaint assert a legal conclusion, no response is required.

### AS AND FOR A FIFTH CAUSE OF ACTION

51. Answering each and every allegation of paragraph 51, repeat and reallege each and every response to the allegations of paragraphs 1 through 50 of the Complaint, the same as if fully set forth herein.

C056825/0210333/1392151.2

52. Deny the allegations contained in paragraph 52 of the Complaint to the extent that they relate to THY, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint to the extent they relate to the other defendants.

53. To the extent that the allegations in paragraph 53 of the Complaint assert a legal conclusion, no response is required; otherwise, the requested injunctive relief is moot as to THY because images of Olivier Martinez no longer appear in advertisements of Vakko products in S'HOP.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim against THY for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

55. The Complaint fails to state a claim against Turkish Airlines, Inc. for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

56. Plaintiffs can recover under New York State Civil Rights Law § 51 only for damages based upon conduct within New York State.

### FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs are not entitled to recover exemplary damages from THY or Turkish Airlines, Inc..

**FIFTH AFFIRMATIVE DEFENSE**

58. Plaintiffs' request for injunctive relief against THY and Turkish Airlines, Inc. is moot because THY has acted to ensure that images of Olivier Martinez no longer appear in advertisements of Vakko products in S'HOP.

Dated:   New York, New York
         September 24, 2007

>                              BRYAN CAVE LLP
>
>                              By:   /s/ James M. Altman
>                                    James M. Altman (JM 7086)
>                                    Scott H. Kaiser (SK 6218)
>                              1290 Avenue of the Americas
>                              New York, New York 10104
>                              (212) 541-2000
>
>                              *Attorneys for Defendants Turk Hava Yollari A.O.,
>                              Turkish Airlines, Inc.*

C056825/0210333/1392151.2