**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVIER MARTINEZ and SHEEBA, INC., | |
| Plaintiffs, | |
| - against - | 07 CV 3413 (LAP) |
| VAKKO HOLDING A.S., VAKKO TEKSTIL VE HAZIR GIYIM SANAYI ISLETMELERI A.S., CEM HAKKO, STARWORKS, LLC, TURK HAVA YOLLARI A.O., TURKISH AIRLINES, INC. and JOHN DOES, 1-10, | (Oral Argument Requested) |
| Defendants. | |

**STARWORKS, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

STEPTOE & JOHNSON LLP
750 Seventh Avenue
Suite 1900
New York, New York 10019
(212) 506-3900

September 26, 2007

*Attorneys for Defendant*
*Starworks, LLC*

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND FACTS ......................................................................................... 1

ARGUMENT ........................................................................................................ 4

    I.    Plaintiffs' Breach of Contract Claim Fails as a Matter of Law
        (First Cause of Action) ..................................................................... 4

        A.    Plaintiffs' claim fails because Plaintiffs do not allege any breach of
             contract by Starworks. ............................................................... 4

        B.    Plaintiffs' claim for breach of contract is barred by the disclaimer
             in the Letter Agreement. ............................................................ 6

    II.    Plaintiffs' Claim for Injunctive Relief Fails as a Matter of Law
        (Fifth Cause of Action) .................................................................... 7

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Alter v. Bogoricin*,
  Civ. No. 97-0662, 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997).................................4

*Cortec Indus. V. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991).................................1

*Metropolitan Life Ins. Co. v. Noble Lowndes Int'l, Inc.*,
  84 N.Y.2d 430 (1994).................................6

*Nordic Bank PLC v. Trend Group, Ltd.*,
  619 F. Supp. 542 (D.C.N.Y. 1985).................................6

*Obremski v. Image Bank, Inc.*,
  30 A.D.3d 1141, 816 N.Y.S.2d 448 (1st Dep't 2006).................................6

*Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*,
  893 F. Supp. 285 (S.D.N.Y. 1995).................................7

*Rexnord Holdings, Inc. v. Bidermann*,
  21 F.3d 522 (2d Cir. 1994).................................5

*Ross v. FSG Privitair, Inc.*,
  No. 03 Civ. 7292, 2004 WL 1837366 (S.D.N.Y. Aug. 17, 2004).................................5

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) *overruled on other grounds by Harlow v. Fitzgerald*,
  457 U.S. 800 (1982).................................4

*Smith v. Local 819 I.B.T. Pension Plain*,
  291 F.3d 236 (2d Cir. 2002).................................4

*Sud v. Sud*,
  211 A.D.2d 423, 621 N.Y.S.2d 37 (1st Dep't 1995).................................5

*Universal Acupuncture Pain Svcs., P.C. v. State Farm Mut. Auto. Ins. Co.*,
  196 F. Supp.2d 378 (S.D.N.Y. 2002).................................7

## STATUTES

New York State Civil Rights Law §51 .................................3

RULES

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 4

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Starworks, LLC ("Starworks") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint of plaintiffs Olivier Martinez ("Martinez") and Sheeba, Inc. ("Sheeba") (together, "Plaintiffs").

## PRELIMINARY STATEMENT

This action arises out of a contract between Starworks, a New York company which provides celebrity casting services, and defendant Vakko Tekstil ve Hazir Giyim Sanayi Isletmeleri A.S. ("Vakko"), a Turkish fashion company, involving the use of photographic images of Starworks' client, Olivier Martinez, a professional actor. Plaintiffs have brought a claim for breach of contract against Starworks, Vakko and other defendants, claiming misuse of Martinez's image. The Complaint does not contain a single allegation, however, supporting a claim for misuse of the images by Starworks. Indeed, the Complaint gives no indication as to why Starworks is named as a defendant in this action at all since it ascribes no wrong-doing to Starworks whatsoever. Plaintiffs have failed to state any claim against Starworks, and accordingly, the Complaint should be dismissed as against Starworks.

## BACKGROUND FACTS

This action concerns a March 2006 contract ("Letter Agreement" [1]) entered into by Vakko and Starworks, as agent on behalf of Martinez, pursuant to which Starworks agreed to furnish the modeling services of Martinez at a photo shoot for a Vakko print advertising

---

[1] The Letter Agreement is attached as Exhibit A to the Declaration of Lara E. Romansic, dated September 26, 2007 ("Romansic Dec."). The Letter Agreement is specifically incorporated by reference in the Complaint (*see, e.g.,* Compl. ¶¶11, 12) and thus can be considered by the Court on this motion. *See Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991).

campaign. (Compl. ¶11[2]; Letter Agreement at 1.) Pursuant to the Letter Agreement, Vakko was permitted to use Martinez's image in "[c]onsumer ads, outdoor, promotional postcards, behind-the-scenes, public relations purposes, internet, [and] point-of-sale material to be used in stores and windows." (Letter Agreement, at 1-2, ¶2.) According to the Letter Agreement, Vakko was permitted to use Martinez's image in such materials in Turkey from March 26, 2006 through July 10, 2006. (*Id.*, at ¶2.) Plaintiffs also allege that Vakko was only permitted to use Martinez's image in Turkish-language publications, although this provision does not appear in the Letter Agreement. (Compl. ¶1.)

Under the Letter Agreement, Martinez was to be paid (through Starworks) $140,000.00 for the one-day fashion shoot for Vakko. (Letter Agreement, at 1, ¶1.) Nowhere in the Complaint do Plaintiffs allege that Martinez did not receive the $140,000.00 payment from Starworks.

Starworks' sole role under the Letter Agreement was "to furnish the services of [Martinez]." (*Id.*, at 1.) Although the Letter Agreement is not signed by Plaintiffs, Starworks represented that it had "the rights to furnish the services of [Martinez] in connection with [the Letter Agreement]" (Letter Agreement, at 1; *see also id.*, at 3, ¶3), and Plaintiffs allege that Martinez and Sheeba (his California "loan-out" company) are both parties to it. (Compl. ¶4, 11.)

The parties agreed that Vakko would own all rights in the images of Martinez resulting from the Letter Agreement. (Letter Agreement, at 3, ¶2.) In addition, the Letter Agreement contains a disclaimer absolving Starworks for any liability in connection with the misuse of Martinez's image by Vakko:

---

[2] The Complaint is attached as Exhibit B to the Romansic Dec.

> Starworks shall not be liable in any way for any misappropriation
> of or unauthorized use or reprint of [Martinez]'s name,
> photograph, image or likeness as used by Vakko.

(*Id.*, at 2, ¶3.)

Plaintiffs allege that the photo shoot images of Martinez were misused by defendants Vakko, another Vakko entity, Vakko Holdings A.S. ("Vakko Holdings"), Cem Hakko ("Hakko"; one of Vakko's owners), Turkish Airlines, Inc. ("Turkish Airlines") and Starworks. Plaintiffs allege that Vakko did not confine its usage of Martinez's image to Turkish-language publications in Turkey but rather used Martinez's image in bilingual and English-language publications that were distributed worldwide. (Compl. ¶1, 13.) In addition, Plaintiffs allege that Vakko used its images of Martinez beyond the July 10, 2006 termination date. (*Id.* ¶¶1, 13.) Plaintiffs further allege that defendant Turkish Airlines "was complicit in" Vakko's misuse of the images by publishing Vakko's images of Martinez in a Turkish Airlines in-flight duty free magazine that was distributed on Turkish Airlines international flights. (*Id.* ¶16.)

The Complaint does not contain a single allegation identifying any misuse by Starworks of Vakko's images of Martinez.

The Complaint alleges five causes of action: (i) breach of contract (against Vakko, Vakko Holdings, Hakko and Starworks) (*id.* ¶¶18-29); (ii) violation of New York State Civil Rights Law §51 (against Vakko, Vakko Holding and Hakko) (*id.* ¶¶30-37); (iii) violation of New York State Civil Rights Law §51 (against Turkish Airlines) (*id.* ¶¶38-47); (iv) declaratory relief (against Vakko) (*id.* ¶¶48-50); and (v) injunctive relief (against all defendants) (*id.* ¶¶51-53.). Of these five claims, Starworks is named only in the breach of contract claim and the claim for injunctive relief.

ARGUMENT

On a motion to dismiss, this Court must construe the factual allegations in the Complaint as true and in the light most favorable to Plaintiffs. *See* Fed. R. Civ. P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). However, the Court need not accept unsupported, conclusory allegations or legal conclusions drawn by Plaintiffs. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002); *Alter v. Bogoricin*, Civ. No. 97-0662, 1997 WL 691332, at *12 (S.D.N.Y. Nov. 6, 1997) ("[a]lthough a district court is required to accept as true all well-pleaded allegations in deciding a motion to dismiss, it is not required to accept as true conclusory allegations for which there are no factual underpinnings").

I.    **PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW
      (First Cause of Action)**

Plaintiffs' breach of contract claim alleges that defendants Vakko, Vakko Holdings, Hakko (collectively, the "Vakko Defendants") and Starworks breached the Letter Agreement by misusing images of Martinez. (Compl. ¶¶18-29.) However, Plaintiff's claim fails as against Starworks because (i) although Plaintiffs purport to name Starworks in the claim, the Complaint does not contain a single allegation describing how Starworks allegedly breached the Letter Agreement, or even what provision of the Letter Agreement Starworks breached; and (ii) Plaintiffs' claim is barred by the disclaimer contained in the Letter Agreement providing that Starworks is not liable for any misuse of Vakko's images of Martinez.

A.    **Plaintiffs' claim fails because Plaintiffs do not allege any breach of
      contract by Starworks.**

In order to state a claim for breach of contract under New York law, Plaintiffs must allege "(1) the existence of a contract; (2) plaintiff's performance on the contract;

(3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d

522, 525 (2d Cir. 1994).  Accordingly, to survive a motion to dismiss, Plaintiffs must allege "the

essential terms of the parties' purported contract, including the specific provisions of the contract

upon which liability is predicated." *Sud v. Sud*, 211 A.D.2d 423, 424, 621 N.Y.S.2d 37, 38 (1st

Dep't 1995); *see also Ross v. FSG Privitair, Inc.*, No. 03 Civ. 7292, 2004 WL 1837366, at *3

(S.D.N.Y. Aug. 17, 2004) (dismissing contract claim where plaintiff failed to allege violation of

any contractual provision).  However, Plaintiffs fail to allege either (i) the specific provision of

the Letter Agreement allegedly breached by Starworks, or (ii) any act by Starworks constituting

the breach.  Indeed, Plaintiffs do not allege a single fact in support of their breach of contract

claim against Starworks.

        Instead, all of Plaintiffs' allegations of breach of the Letter Agreement refer to

acts allegedly taken by Vakko:

> 19.     Between August 2006 and March 2007, … Vakko…
> knowingly used, displayed, advertised, reproduced and published
> the Images in Turkish Airlines in-flight duty free magazine
> "S*HOP".

> 22.     Beginning *after* July 10, 2006, defendants Vakko, Vakko
> Holding and Hakko,… in breach of the Contract, knowingly used,
> displayed, advertised, reproduced and published the images of
> Martinez on billboards throughout Istanbul in connection with
> Vakko's *Fall-Winter* men's campaign.

> 24.     Defendant Vakko,… in breach of the Contract, knowingly
> used, displayed, advertised, reproduced and published the Images
> and Martinez's full name, on the back cover of "34 Mag", a self-
> described international lifestyle magazine….

> 27.     Vakko's digital manipulation of the Images to lend a more
> ethnic Turkish appearance to Martinez constitutes yet another
> breach of the Contract.

(Compl. ¶¶19, 22, 24, 27.)  Plaintiffs simply do not allege any breach of the Letter Agreement by Starworks.  As a result, Plaintiffs' claim for breach of contract against Starworks must be dismissed.  *See Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 562 (D.C.N.Y. 1985) (dismissing breach of contract claim brought by borrower against bank, where borrower failed to "allege any facts that indicate if or how [bank] breached the [parties'] agreement").

### B.    Plaintiffs' claim for breach of contract is barred by the disclaimer in the Letter Agreement.

As described above, Plaintiffs' breach of contract claim is based on allegations that Vakko, not Starworks, misused images of Martinez in violation of the terms of the Letter Agreement.  As a result, the breach of contract claim must be dismissed as against Starworks for the additional reason that the Letter Agreement contains a disclaimer absolving Starworks from any liability "for any misappropriation of or unauthorized use or reprint of [Martinez's] name, photograph, image or likeness as used by VAKKO."  (Letter Agreement, at 2, ¶3.)

Absent gross negligence, "[i]t is well settled that a contractual limitation on liability is enforceable."  *Obremski v. Image Bank, Inc.*, 30 A.D.3d 1141, 1141, 816 N.Y.S.2d 448, 449 (1st Dep't 2006); *see also Metropolitan Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 436 (1994) ("A limitation on liability provision in a contract represents the parties' agreement on the allocation of the risk of economic loss in the event that the contemplated transaction is not fully executed, which the courts should honor.").  Plaintiffs have not plead gross negligence on the part of Starworks.  Accordingly, the disclaimer of liability should be upheld, and Plaintiffs' claim for breach of contract against Starworks should be dismissed.

**II.     PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF FAILS AS A MATTER OF LAW**
**(Fifth Cause of Action)**

Plaintiffs seek injunctive relief preventing defendants from continuing their alleged misuse of Martinez's image.  (Compl. ¶¶51-53.)  However, Plaintiffs' claim for injunctive relief fails, because Plaintiffs (i) have not stated a claim against Starworks for which injunctive relief can be granted; and (ii) Plaintiffs cannot demonstrate that, absent injunctive relief, they will suffer irreparable harm.

As shown above, Plaintiffs have failed to state a claim for breach of contract against Starworks, and Plaintiffs have alleged no other substantive claim against Starworks. Accordingly, Plaintiffs have no claim against Starworks for which they can seek the remedy of injunctive relief.  "There is no 'injunctive' cause of action under New York or Federal law. Instead, [plaintiffs] must allege some wrongful conduct on the part of [defendant] for which their requested injunction is an appropriate remedy."  *Reuben H. Donnelley Corp. v. Mark I Marketing Corp.*, 893 F. Supp. 285, 293 (S.D.N.Y. 1995).  As a result, Plaintiffs' claim for injunctive relief must be dismissed.

Moreover, Plaintiffs have not plead irreparable harm resulting from the alleged misuse of the images of Martinez, as required to obtain an injunction.  *See id.* (plaintiffs "must allege that they will suffer irreparable harm because of the conduct [they seek to enjoin], e.g. that they have no adequate remedy at law").  Instead, Plaintiffs allege only monetary damages in support of their breach of contract claim.  (Compl. ¶29.)  However, "[i]t is well-settled that injunctive relief is generally not available in a claim solely for money damages."  *Universal Acupuncture Pain Svcs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 196 F. Supp.2d 378, 386 (S.D.N.Y. 2002).  Accordingly, Plaintiffs have not stated a claim for an injunctive relief against Starworks.

CONCLUSION

For all the foregoing reasons, Starworks respectfully requests that this Court grant

its motion to dismiss the Complaint as to Starworks in its entirety.

Dated:    New York, New York
          September 26, 2007

                                    STEPTOE & JOHNSON LLP


                                    By:    /s/ Evan T. Barr
                                           Evan T. Barr (EB-1438)
                                           Lara E. Romansic (LR-9236)
                                           750 Seventh Avenue, Suite 1900
                                           New York, New York 10019
                                           (212) 506-3900
                                           *Attorneys for Defendant*
                                           *Starworks, LLC*

- 8 -