**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OLIVIER MARTINEZ and SHEEBA, INC.,

        Plaintiffs,

- against -

VAKKO HOLDING A.S., VAKKO TEKSTIL VE HAZIR GIYIM SANAYI ISLETMELERI A.S., CEM HAKKO, STARWORKS, LLC, TURK HAVA YOLLARI A.O., TURKISH AIRLINES, INC. and JOHN DOES, 1-10,

        Defendants.

07 CV 3413 (LAP)

ANSWER

---

Defendant Vakko Holdings A.S. ("Vakko Holdings"), Vakko Tekstil ve Hazir Giyim Sanayi Isletmeleri A.S. ("Vakko Tekstil") and Cem Hakko ("Hakko") (collectively, the Vakko Defendants), by their counsel, Steptoe & Johnson LLP, for its answer to the complaint of Olivier Martinez ("Martinez") and Sheeba, Inc. ("Sheeba") (together, "Plaintiffs"), upon knowledge with respect to its own acts and upon information and belief as to other matters:

    1.    Deny the averments of paragraph 1, except (i) admit that the contract between Vakko Tekstil and Starworks LLC, dated March 2, 2006 (the "Letter Agreement") permitted the Vakko campaign to run in Turkey with Olivier Martinez and refers to that contract for its contents; and (ii) admit that Vakko campaign featuring Martinez's image was used in one issue of a Turkish magazine, *34 Mag*, published in English; and (iii) state that they are without knowledge or information sufficient to form a belief as to the truth of the averments as to where that issue of *34 Mag* was circulated.

    2.    Admit that this Court has subject matter jurisdiction over this action.

    3.    Admit that venue is proper in this district.

4. Admit the averments of paragraph 4, except state that they are without knowledge or information sufficient to form a belief as to the truth of the averments that Sheeba "is a California company with its principal place of business in Los Angeles" and that "Sheeba operates as Martinez's loan-out company, providing his services to third-parties."

5. Admit the averments of the first sentence of paragraph 5. Deny the averments of the second sentence of paragraph 5, except admit that Vakko Holding is a diversified holding and investment company and that Vakko Tekstil is in the business of manufacturing, distributing, marketing and selling, among other things, men and women's designer clothing and accessories.

6. Admit the averments of the first sentence of paragraph 6. Deny the averments of the second sentence of paragraph 6, except admit that Hakko is sometimes photographed with international celebrities in Turkey.

7. Deny the averments of paragraph 7.

8. Admit that defendant Starworks, LLC ("Starworks") is a New York limited liability company with its principal place of business in New York and that Starworks provides, among other things, celebrity casting services.

9. State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9.

10. State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10.

11. Deny the averments of paragraph 11, except (i) admit that Gisele Bundchen has been featured in Vakko Tekstil advertising campaigns; and (ii) state that Vakko Tekstil and Starworks entered into the Letter Agreement on March 2, 2006 and refer to that contract for its contents.

12. Deny the averments of paragraph 12, except admit that Martinez was photographed in Beverly Hills for a Vakko Tekstil advertising campaign on or about March 7, 2006 and state that the terms of the agreements relating to that campaign are set forth in the relevant contracts between the parties, including the Letter Agreement, and refer to those documents for their contents.

13. Deny the averments of paragraph 13.

14. Deny the averments of paragraph 14, except state that they are without knowledge or information sufficient to form a belief as to the averments concerning the recognition of Martinez by a Manhattan newsagent.

15. Deny the averments of paragraph 15, except refer to the Letter Agreement for its contents.

16. Deny the averments of paragraph 16, except state that a Vakko Tekstil advertisement featuring Martinez's image was published in one issue of S'HOP, a Turkish Airlines magazine and that they are without knowledge or information sufficient to form a belief as to the averments concerning the actions or intent of Turkish Airlines.

17. State that they are without knowledge or information sufficient to form a belief as to the averments of paragraph 17.

18. Incorporate herein their responses to the averments of paragraphs 1 through 17.

19. Deny the averments of paragraph 19, except state that a Vakko Tekstil advertisement featuring Martinez's image was published in one issue of S'HOP.

20. State that they are without knowledge or information sufficient to form a belief as to the averments of paragraph 20, except admit, upon information and belief, that S'HOP is published twice per year.

21. Deny the averments of paragraph 21.

22. Deny the averments of paragraph and 22.

23. Deny the averments of paragraph 23, except refer to the Letter Agreement for its contents.

24. Deny the averments of paragraph 24, except admit that a Vakko advertisement using Martinez's image and name ran on the back cover of the Turkish magazine *34 Mag* in the "Summer 2006" issue and state that they are without knowledge or information sufficient to form a belief as to the averments concerning the distribution of *34 Mag*.

25. Deny the averments of paragraph 25, except state that they are without knowledge or information sufficient to form a belief as to the averments concerning the disposition of each copy of the "Summer 2006" issue of *34 Mag*.

26. Deny the averments of paragraph 26, except refer to the Letter Agreement for its contents.

27. Deny the averments of paragraph 27, except refer to the Letter Agreement for its contents.

28. Deny the averments of paragraph 28.

29. Deny the averments of paragraph 29.

30. Incorporate herein its responses to the averments of paragraphs 1 through 29.

31. Deny the averments of paragraph 31, except admit that Vakko Tekstil entered into the Letter Agreement for the purpose of using Martinez's image in a Vakko advertising campaign and refer to the Letter Agreement for its contents.

32. Deny the averments of paragraph 32, except (i) admit that a Vakko advertisement using Martinez's image and name ran on the back cover of the Turkish magazine *34 Mag* in the "Summer 2006" issue; (ii) state that they are without knowledge or information sufficient to form a belief as to the averments concerning the distribution of *34 Mag* and S'HOP; and

(iii) state that they are without knowledge or information sufficient to form a belief as to the averments concerning Turkish Airlines's websites.

33. Deny the averments of paragraph 33, except admit that the terms of the agreement relating to Vakko Tekstil's use of Martinez's image are set forth in the Letter Agreement and refer to the Letter Agreement for its contents.

34. Deny the averments of paragraph 34, except state that Vakko Tekstil and Starworks entered into the Letter Agreement concerning Martinez's appearance in a Vakko advertising campaign, state that the terms of the agreement relating to that campaign are set forth in the Letter Agreement and refer to the Letter Agreement for its contents.

35. Deny the averments of paragraph 35, except state that they are without knowledge or information sufficient to form a belief as to plaintiffs' valuation of Martinez's name, image and reputation.

36. Deny the averments of paragraph 36.

37. Deny the averments of paragraph 37.

38. Incorporate herein their responses to the averments of paragraphs 1 through 37.

39. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 39.

40. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 40.

41. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 41.

42. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 42.

43. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 43.

44. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 44.

45. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 45.

46. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 46.

47. State that they are without knowledge or information sufficient to form a belief as to averments of paragraph 47.

48. Incorporate herein its responses to the averments of paragraphs 1 through 47.

49. Deny the averments of paragraph 49 and refer to the Letter Agreement for its contents.

50. Deny the averments of paragraph 50.

51. Incorporate herein its responses to the averments of paragraphs 1 through 50.

52. Deny the averments of paragraph 52.

53. Deny the averments of paragraph 53.

## Affirmative Defenses

### First Defense

Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred for failure to establish any agency relationship between any of the Vakko Defendants and Starworks, LLC.

<u>Third Defense</u>

Plaintiffs' claims are barred for failure to establish any agency relationship between Starworks, LLC and Martinez and/or Sheeba.

<u>Fourth Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

<u>Fifth Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of *forum non conveniens*.

<u>Sixth Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

<u>Seventh Defense</u>

Plaintiffs' claims are barred in whole or in part by their failure to mitigate their alleged damages.

<u>Eighth Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

<u>Ninth Defense</u>

Plaintiffs' claims are barred in whole or in part because the wrongful conduct of others was the sole cause of, or contributed to, Plaintiffs' alleged injuries or damages, if any.

<u>Tenth Defense</u>

If the Vakko Defendants breached any contract with Plaintiffs, as alleged in Plaintiffs' complaint, Plaintiffs' claims are barred in whole or in part because the Vakko Defendants remedied any such breach at their own expense.

<u>Eleventh Defense</u>

Plaintiffs' claims are barred in whole or in part because Plaintiffs can only recover damages under New York State Civil Rights Law Section 51 for damages based upon conduct within New York state.

WHEREFORE, the Vakko Defendants request that the Complaint be dismissed with prejudice, that Plaintiffs be denied any relief, and that the Vakko Defendants be awarded the costs of this action and such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
        December 19, 2007

                                          STEPTOE & JOHNSON LLP

By:  /s/ Evan T. Barr
      Evan T. Barr (EB-1438)
      Lara E. Romansic (LR-9236)
      750 Seventh Avenue, Suite 1900
      New York, New York 10019
      (212) 506-3900

*Attorneys for Defendants*
*Vakko Holdings A.S., Vakko Tekstil*
*ve Hazir Giyim Sanayi Isletmeleri A.S.,*
*Cem Hakko and Starworks, LLC*

Doc. #11725 v.1