REDNISS & ASSOCIATES LLC
Seth Redniss, Esq. (SR-7988)
185 Franklin Street, 5th Floor
New York, New York 10013
Tel: (212) 334-9200
Fax: (212) 334-9212

M W MOODY LLC
Mark Warren Moody, Esq, (MWM 3742)
185 Franklin Street, 5th Floor
New York, New York 10013
Tel: (212) 966-9620
Fax: (212) 966-9602

*Attorneys for plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OLIVIER MARTINEZ and SHEEBA, INC.,

Case No.: 07 CV 3413 (LAP)

              Plaintiffs,

       - against -

VAKKO HOLDING A.S., VAKKO TEKSTIL
VE HAZIR GIYIM SANAYI ISLETMELERI A.S.,
CEM HAKKO, STARWORKS, LLC, TURK
HAVA YOLLARI A.O., TURKISH AIRLINES, INC.
and JOHN DOES, 1-10,

              Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT STARWORKS, LLC'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

Defendant Starworks, LLC's ("Starworks") motion to dismiss is premised on a March 2, 2006 written contract between Starworks and defendants Vakko (Exhibit A). Plaintiffs, however, have not brought suit against Starworks based on Exhibit A. Rather, plaintiffs' breach of contract claim against Starworks is, as clearly pleaded, based on a written contract, dated March 6, 2006, between plaintiff Olivier Martinez and Starworks (Exhibit 1; Exhibit B, ¶11). Accordingly, defendants' counsel was asked to withdraw the instant motion, but refused.[1]

## FACTUAL BACKGROUND

For the full factual background to the action, the Court is respectfully referred to the complaint annexed to Starworks's motion papers as Exhibit B.

In summary, Mr. Martinez is an actor recognized worldwide whose livelihood depends on carefully protecting his image, name and likeness. Pursuant to a written contract dated March 6, 2006 (Exhibit 1; Exhibit B, ¶11), Starworks contracted directly with Mr. Martinez for the limited usage rights of Mr. Martinez's image in connection with defendant Vakko's advertising campaign. The use of Mr. Martinez's image was restricted in Exhibit 1 in various ways, including a limited temporal (approximately three months) and geographic (Turkey in Turkish language publications only) scope. Reciprocally, Mr. Martinez agreed not to permit the use of his image during this time for advertisements that might compete with Vakko in Turkey.

---

[1]     Indeed, Starworks's counsel itself states at footnote 1 of Starworks's Memorandum of Law dated September 26, 2007 ("Memo, p._"): "[t]he Letter Agreement is specifically incorporated by reference in the Complaint". Exhibit A is not referenced in the complaint. Exhibit 1 is referenced in the complaint.

Ignoring the complaint's allegations, Starworks moves to dismiss based upon a March 2, 2006 contract (*not* the March 6, 2006 contract) between Starworks and defendant Vakko. Ignoring the March 6, 2006 contract, to which it was a party, (Exhibit 1), Starworks argues that because Exhibit A indemnifies Starworks if Vakko were to use the image beyond the terms of Starworks's agreement with Mr. Martinez, Starworks is absolved from liability. It is not.

The March 6, 2006 contract (Exhibit 1) was executed by Mr. Martinez and Alana Varel, an authorized officer of Starworks. Exhibit 1 was not executed by Vakko, and Vakko is not a party to Exhibit 1. Exhibit 1 provides that it "shall confirm the terms pursuant to which Starworks shall engage … Mr. Martinez … to provide an exclusive … first priority services for the Spring/Summer 2006 VAKKO Men's Campaign …" Exhibit 1 provides that the territory shall be "Turkey", that the usage shall only be in Turkey, and only in Turkish language publications.

There is no dispute that Mr. Martinez's image was used beyond these terms. The complaint details the excessive usage in detail (see e.g. Exhibit B, ¶¶1; 13-14). Indeed, Vakko admits the images were used beyond the terms of the agreement (Exhibit 2 (Vakko's answer dated December 19, 2007), ¶1(ii)).

## ARGUMENT

Starworks argues that "[i]n order to state a claim for breach of contract under New York law, Plaintiffs must allege '(1) the existence of a contract; (2) plaintiff's performance on the contract; (3) breach by the other party; and (4) damages.' *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (Memo, pp.4-5).

3

Plaintiffs have plead each of these elements:. plaintiffs have alleged the existence of the March 6, 2006 contract between Starworks and plaintiffs (Exhibit 1; Exhibit B, ¶11); that plaintiffs fully performed pursuant to the contract (Exhibit B, ¶12); breach by Starworks (see e.g. Exhibit B, ¶¶13-14; 21; 26; 28); and that plaintiffs have been damaged by such breach (Exhibit B, ¶29). In short, plaintiffs have pleaded precisely what Starworks incomprehensibly argues has not been pleaded. Disingenuously, Starworks ignores the clear allegations (see e.g. Exhibit B, ¶¶13-14; 21; 26; 28) of its knowledge and its breach of the agreement (Memo, pp.5-6). Unlike Nordic Bank PLC v. Trend Group, Ltd., 619 F.Supp. 542 (S.D.N.Y. 1985) (Memo, p.6), plaintiffs have alleged that Starworks breached the contract because the images were used beyond the terms of its agreement with plaintiffs.

Starworks's confusion is underscored by the argument set forth in Point B of the Memo (Memo, pp.6-8). Starworks argues that because Vakko indemnified Starworks in a separate agreement that is not mentioned in the complaint (Exhibit A), Starworks cannot be held liable. Quite the contrary – that Starworks sought an indemnification from Vakko, "for any misappropriation of or unauthorized use or reprint of [Mr. Martinez's name, photograph, image or likeness as used by VAKKO" (Exhibit A, p.2, ¶3) demonstrates that Starworks – even before contracting with plaintiffs – knew that Starworks could be held fully liable for any use of Mr. Martinez's name and image beyond the terms of Starworks's agreement with Mr. Martinez (Exhibit 1).

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that this Court deny Starworks's motion in its entirety.

Dated: New York, New York
       January 21, 2007

                                   **REDNISS & ASSOCIATES LLC**
                                      -and-
                                 **M W MOODY LLC**

By: _____
               Mark Warren Moody (MWM 3742)
               185 Franklin Street, 5th Floor
               New York, New York 10013
               (212) 966-9620
               *Attorneys for Plaintiffs*