# EXHIBIT 1

DEC 05 2006  3:29 PM FR PARSEGHIAN-PLANCO12 777 8642 TO 912122191112    P.02
Dec-05-06  11:48am  From-INTERNATIONAL CREATIVE MANAGEMENT

Dated as of March 6th, 2006

ICM Talent
c/o Karen Sellars
c/c/o Sheeba, Inc
Attn: Olivier Martinez
Federal I.D. Number 16-1632332
8942 Wilshire blvd.
Beverly Hills, CA 90211

Re:  **OLIVIER MARTINEZ AND w- VAKKO Spring/Summer '06**

Dear Mr. Martinez:

This letter shall confirm the terms pursuant to which Starworks shall engage through this company Sheeba, Inc Fed. I.D. 16-1632332 Mr. Martinez ("hereinafter "Performer" or "you") to provide an exclusive (subject to the terms below) first priority services for the Spring/Summer 2006 VAKKO Men's Campaign as set forth below.

| | |
|---|---|
| Men's Campaign: | Exclusive, first priority services on the shoot date for the Spring/Summer 2006 VAKKO Men's Campaign (including ready to wear and accessories of all types (the "Campaign"). |
| Campaign Compensation: | The sum of $ 100, 000 USD project fee (including, for example, day rate, usage, rest days, etc...). No additional fees or expenses shall be payable including for travel days, rest days, etc. Shoot day will last no longer than ten hours door to door (including travel, hair, make-up etc...) |
| Shoot Date: | Scheduled to take place in Los Angeles, on May 7th, 2006. Performer shall be available at the shoot location during the entirety of the Shoot date (up to ten hours door to door) during which he will wear no more than five (5) suits with variations. |
| Territory: | Turkey |
| Term: | Approx. 3 month usage for the campaign. Commencing on March 26, 2006 ending on July 10th 2006 |
| Exclusivity: | Talent will not appear in any other Advertising in the Territory for Turkish Brands and direct competitors to Vakko excluding International brands ie: Calvin Klein, Armani, Hugo Boss etc...until after the campaign is no longer running (after July 10th, 2006). |
| Usage/Buyout: | Consumer ads (limited to Turkish language publications only), outdoor, promotional postcards, behind-the-scenes (photos generated for behind-the-scenes purposes must be approved by Mr. Martinez before use, photos must be approved |

Case 1:07-cv-03413-LAP   Document 32-2   Filed 01/22/2008   Page 3 of 5

DEC 05 2006  3:29 PM FR PARSEGHIAN-PLANC012 777 8642 TO 912122191112   P.03
Dec-05-06  11:48am  From-INTERNATIONAL CREATIVE MANAGEMENT   3102464609   T-217  P.003/005  F-999

|  |  |
|---|---|
|  | within two business days of being received by ICM. Photos must be used for editorial purposes in Turkish language publications only), public relations purposes (publications and wire services in the Territory only), internet (Vakko Website only), point-of-sale material to be used in stores and windows but all only in the Territory. |
| Photo Approval: | Performer shall have certain photo approval over campaign images. Performer must approve ten (10) of the Thirteen (13) photos presented to Sheeba Inc. Performer will have full photo Approval over behind the scenes photos. Photos must be approved within two (2) Business days of ICM receiving the photos And sending a confirmation of receipt. |

It is agreed that the compensation for Performer's services and for the rights granted herein shall be payable on an all-inclusive basis. That is, there shall be no separate fees or charges for Permitted Uses, travel days, or rest days. Payments shall be made within forty eight (48) hours following the shoot day, provided that you are not in material breach of this letter or of the attached Standard Supplementary Terms.

Invoice should be sent to:

Starworks
Attn: Accounting/Levan
5 Crosby street, suite 4c
NY, NY 10013

The foregoing together with the Standard Supplementary Terms shall constitute a binding agreement between Starworks and you in connection with the services to be rendered and rights granted to Starworks above.

Please acknowledge your agreement by signing this letter and the Standard Supplementary Terms and returning a copy of each by facsimile to 646-336-5958.

Accepted and agreed:

_____
Performer Olivier Martinez on
Behalf of Sheeba Inc.

Very Truly Yours,

_____
Starworks
Alana Varel   Authorized Office

2

DEC 05 2006  3:30 PM FR PARSEGHIAN-PLANCO12 777 8642 TO 912122191112    P.04
Dec-05-06  11:48am  From-INTERNATIONAL CREATIVE MANAGEMENT

## STANDARD SUPPLEMENTARY TERMS

| | |
|---|---|
| Performer: | Sheeba, Inc. on behalf of Olivier Martinex |
| Agency: | ICM Talent Management |
| Seasonal Campaign: | VAKKO Spring/Summer 2006 Campaign |

The following sets forth the supplementary terms ("Supplementary Terms") pursuant to Starworks and pertaining to the VAKKO, now or in the future (collectively, "Vakko") shall have the right to engage the services of the above-designated Performer, and to use the product of Performer's services, in connection with the above-designated Seasonal Campaign as provided in the letter attached hereto ("Deal Memo"). The Deal Memo and these Supplementary Terms together constitute the entire agreement ("Agreement") between the parties hereto with respect to the subject matter hereof. All capitalized terms contained in these Supplementary Terms shall have the same meaning as in the Deal Memo except as and to the extent expressly provided otherwise. In case of any conflict between any provision in the Deal Memo and these Supplementary Terms, the Deal Memo shall be deemed controlling to the extent required to resolve the conflict.

1.     Performer agrees to perform all services to be rendered on Vakko's behalf hereunder in a first class, professional and competent manner including by arriving on location in top physical and mental condition and in a timely manner to ensure optimal performance thereof. Performer further agrees to maintain Performer's weight, hairstyle and color and all other features of Performer's physiognomy and appearance as they are as of the date hereof.

2.     Performer acknowledges and agrees that Vakko owns all rights now or hereafter known in and to the product of Performer's services under the Agreement (the "Materials") as a work-for-hire (or, if for any reason any Materials are held not to be a work-for-hire, Performer hereby assigns to Vakko all right, title and interest therein) and that Vakko shall have the right to use the Materials, as well as Performer's name, picture and biographical information, as Vakko shall determine subject to the terms of the Deal Memo and these Supplementary Terms. Performer acknowledges Vakko's artistic control with respect to the Materials and Vakko's right to create and to make changes in the Materials as Vakko shall determine but not to alter his appearance. And Performer agrees that he/she shall not have any right of approval or consultation in connection therewith except as provided in Deal Memo. The General feeling and overall layout will be similar to the current Vakko Campaign.

3.     Performer represents that Performer has the right to enter into this Agreement and to perform all of Performer's obligations hereunder and that the exercise of the rights granted by Performer hereunder shall not conflict with the Performer's existing commitments or violate or infringe upon the rights of any third party. Performer further represents that the above-designated Agency is the sole and exclusive representative authorized to act as Performer's representative in connection with the Agreement and that Performer shall be solely responsible for paying any amounts as may be due to Agency or any other agent in connection with the Agreement. Performer hereby agrees to indemnify and hold Vakko and those working for it or on its behalf harmless from and against any claims, damages, costs (including settlement costs) and expenses (including reasonable attorneys' fees) arising out of or in connection with the breach of any of Performer's representations, warranties or agreements under the Agreement. Vakko will agree to a reciprocal indemnity for claims arising out of the creation and exploitation of the Materials.

4.     If Performer shall be required by Vakko in connection with Performer's services hereunder to travel to any location which is less than seventy-five (75) miles from Performer's residence, Vakko shall provide portal to portal first class exclusive ground transportation. Performer will be provided with a first class exclusive dressing room on shoot location site.

5.     All information which Performer may obtain or derive in connection with Performer's engagement with Vakko which is not the subject of general public knowledge (including, without limitation, creative

3

DEC 05 2006  3:30 PM FR PARSEGHIAN-PLANCO12 777 8642 TO 912122191112   P.05
Dec-05-06  11:48am  From-INTERNATIONAL CREATIVE MANAGEMENT  3102484609   T-217 P 005/005 F-899

concepts utilized in production of any campaign or show and any compensation payable by Vakko to Performer or others) is deemed Confidential Information, and Performer agrees that Performer shall not disclose any Confidential Information (other than to Agency on a need to know basis) or use any Confidential Information for Performer's own benefit or the benefit of any third party, at any time during or after the Term without Vakko's prior written consent. Furthermore, Performer agrees not to disclose Vakko's engagement of Performer to provide services in connection with the Campaign (other than to Agency on a need to know basis) until after the date of first publication of the Campaign.

6. (a) Performer's services and the rights granted by Performer under the Agreement are deemed to be special, unique and of extraordinary character giving them a peculiar value not capable of precise monetary valuation; accordingly, in the event of Performer's breach or threatened breach of any material term thereof, Vakko shall have the right to obtain injunctive relief without prejudice to its right to exercise of any other rights or to seek or obtain any other remedies which it may have at law or in equity.

(b) THIS AGREEMENT, REGARDLESS OF THE PLACE OF ITS EXECUTION, SHALL BE INTERPRETED IN ACCORDANCE WITH THE NEW YORK STATE LAW APPLICABLE TO AGREEMENTS MADE AND PERFORMED ENTIRELY IN THE UNITED STATES. THE PARTIES HERETO CONSENT TO THE EXCLUSIVE JURISDICTION OF THE COURTS OF UNITED STATES FOR THE RESOLUTION OF ANY DISPUTE ARISING HEREUNDER AND AGREE THAT NEW YORK SHALL BE THE AGREED UPON VENUE.

7. For the purpose of the Agreement, Performer shall not be considered an employee of Vakko and shall not be entitled to any benefits which Vakko maintains or is required by law to maintain for the benefit of its employees. Performer shall be responsible for the payment of any and all tax or other obligations owed by Performer by virtue of the Agreement. Performer's obligations under the Agreement are personal to Performer and may not be assigned.

8. Notices required or permitted under the Agreement shall be in writing and delivered personally and/or via overnight courier or via e-mail. If to Vakko such notices shall be sent to Starworks at the address set forth above Attention: Alana Varel, and if to Performer shall be sent in care of Agency at the address set forth above, Attention: Karen Sellars or to such different address as may hereafter be specified by either party in writing to the other. Copies of all notices (and photos) to Performer will be sent to Gene Parseghian at Parseghian-Planco, 23 East 22nd Street, Third floor, New York, NY 10010 (parseghian@earthlink.net). Notices delivered personally shall be deemed received upon actual receipt and notices sent by overnight courier shall be deemed received one (1) business day after deposit with the overnight courier. Notice that will be received by e-mail will be deemed received after e-mail confirmation of receipt by ICM (i.e. ICM sends an email confirming receipt.)

9. No addition or other modification to the Agreement shall be valid, and no waiver of any default shall be deemed a waiver of any prior or subsequent default of the same or other provision hereof, unless in writing and signed by both of the parties hereto. The Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supercedes all prior agreements in connection therewith. This agreement may be executed in counter-parts and by facsimile, all of which when taken together shall be deemed one original.

ACCEPTED AND AGREED:

_____
Oliver Martinez

ACCEPTED AND AGREED:
Starworks

By: _____
Authorized Officer