UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVIER MARTINEZ and SHEEBA, INC.,

                Plaintiffs,

- against -

VAKKO HOLDING A.S., VAKKO TEKSTIL
VE HAZIR GIYIM SANAYI ISLETMELERI A.S.,
CEM HAKKO, STARWORKS, LLC, TURK
HAVA YOLLARI A.O., TURKISH AIRLINES,
INC. and JOHN DOES, 1-10,

                Defendants.

07 CV 3413 (LAP)

(Oral Argument Requested)

# STARWORKS, LLC'S REPLY MEMORANDUM OF LAW IN
# FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

STEPTOE & JOHNSON LLP
750 Seventh Avenue
Suite 1900
New York, New York 10019
(212) 506-3900

February 6, 2008

*Attorneys for Defendants*
*Vakko Holdings A.S., Vakko Tekstil*
*ve Hazir Giyim Sanayi Isletmeleri A.S.,*
*Cem Hakko and Starworks, LLC*

# TABLE OF CONTENTS

**PAGE**

Table of Contents ................................................................................................................. i

Preliminary Statement ........................................................................................................ 1

Background Facts .............................................................................................................. 2

Argument ........................................................................................................................... 4

PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW
(First Cause of Action) ...................................................................................................... 4

    A.    Plaintiffs' claim fails because Plaintiffs do not allege any breach of
contract by Starworks. .......................................................................................... 5

    B.    Plaintiffs' claim for breach of contract is barred by the disclaimer in the
Letter Agreement. ................................................................................................. 6

        1.    The Complaint clearly relies on the March 2 Letter Agreement. ............. 7

        2.    Plaintiffs cannot avoid the provisions of the March 2 Letter
Agreement by alleging only a portion of the parties' agreement ............. 7

Conclusion ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Houbigant, Inc. v. ACB Mercantile*,
  914 F. Supp. 964 (S.D.N.Y. 1995) ..................................................................................... 8

*Korea Life Ins. Co. Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
  269 F. Supp.2d 424 (S.D.N.Y. 2003) .................................................................................. 8

*Sud v. Sud*,
  211 A.D.2d 423, 621 N.Y.S.2d 37 (1st Dep't 1995) ........................................................... 6

**RULES**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1

**BOOKS AND ARTICLES**

3 Corbin on Contracts § 549 (1960) ........................................................................................... 8

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Starworks, LLC ("Starworks") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint of plaintiffs Olivier Martinez ("Martinez") and Sheeba, Inc. ("Sheeba") (together, "Plaintiffs").

## PRELIMINARY STATEMENT

Starworks does not belong in this case and is not a real party in interest. Starworks merely acted as an intermediary between Plaintiffs and defendant Vakko Tekstil ve Hazir Giyim Sanayi Isletmeleri A.S.("Vakko"), in providing Martinez's modeling services for a Vakko ad campaign. Plaintiffs do not allege that Starworks had any part in the alleged extra-contractual usage of Martinez's image by Vakko that is at issue in the Complaint. In fact, Plaintiffs cannot identify *any* contractual duty that Starworks breached. Accordingly, the sole remaining claim against Starworks, for breach of contract, must be dismissed.[1]

To avoid this fatal defect, Plaintiffs now assert their claim is not based on the March 2, 2006 letter agreement entered into by Starworks, Plaintiffs and Vakko (the "March 2 Letter Agreement"[2]). Rather, they rely solely on a letter agreement dated March 6, 2006, made between Plaintiffs and Starworks (the "March 6 Letter Agreement"[3]). Plaintiffs' new theory contradicts the allegations in the Complaint and is a transparent attempt to avoid a disclaimer

---

[1] In their opposition papers, Plaintiffs do not address Starworks's arguments in favor of dismissal of the second cause of action against Starworks, for injunctive relief. Because Plaintiffs concede their failure to state a claim against Starworks for injunctive relief, Starworks does not further address that claim here. (*See* Starworks Mem. at 7.)

[2] The March 2 Letter Agreement is attached to the Declaration of Lara E. Romansic, dated September 26, 2007 ("Romansic Dec.") as Exhibit A.

[3] The March 6 Letter Agreement is attached to the Declaration of Mark W. Moody, dated January 21, 2008 ("Moody Dec.") as Exhibit 1.

provision contained in the March 2 Letter Agreement that absolves Starworks of any liability for misuse of Martinez's image by Vakko. Moreover, it does not cure the deficiencies of their contract claim. But if, as Plaintiffs now urge, the Complaint hinges solely on the March 6 Letter Agreement between Martinez and Starworks, then the Complaint fails to allege the existence of a contract between Plaintiffs and Vakko. Accordingly, Plaintiffs cannot state a contract claim against Vakko.

In fact, the March 2 and March 6 agreements are two parts of one single, integrated contract. Plaintiffs try to rely on one half of the contract so as to avoid the rights and duties contained in the other part. However, Plaintiffs cannot evade the disclaimer contained in the March 2 Letter Agreement by insisting that it is not part of the case, while at the same time basing their contract claim against Vakko on that very same agreement. Plaintiffs' attempts to use privity as both a sword and a shield notwithstanding, Starworks does not belong in this case, and Plaintiffs' claims against Starworks must be dismissed.

## BACKGROUND FACTS

There are two relevant Letter Agreements which together comprise the parties' complete contract for the provision of Martinez's modeling services to Vakko. Plaintiffs created confusion by the manner in which they set forth the description of the contract at issue in the Complaint. Specifically, Plaintiffs alleged:

> By agreement dated March 6, 2006, Martinez and Sheeba contracted with Starworks and Vakko (the "Contract") for Martinez's services as the "face" of Vakko's 2006 Spring-Summer men's advertising campaign in Turkey….

(Compl. ¶11.) The contract referenced in this paragraph is in fact made up of two back-to-back letter agreements: the March 6 Letter Agreement, executed by Martinez and Starworks, and the March 2 Letter Agreement, executed by Starworks (on behalf of Plaintiffs) and Vakko.

- 2 -

The March 6 Letter Agreement is relevant to this motion only insofar as it gives Starworks the authority to contract with Vakko, on behalf of Plaintiffs, for the provision of Martinez's modeling services to Vakko and sets out the terms of that authority.[4]  (*See* March 6 Letter Agreement at 1 ("This letter shall confirm the terms pursuant to which Starworks shall engage through this company Sheeba, Inc…. Mr. Martinez… to provide… services for the Spring/Summer 2006 VAKKO Men's Campaign….").)  The March 2 Letter Agreement is the agreement by which Plaintiffs contracted (through Starworks) to provide Martinez's modeling services to Vakko and Vakko agreed to compensate Martinez (again, through Starworks) for those services.  (*See* March 2 Letter Agreement.)  The March 2 Letter Agreement incorporates the March 6 Letter Agreement by reference.  (*See* March 2 Letter Agreement at 1 ("[T]here is in existence an agreement between Starworks and Talent [Martinez] whereby Starworks has the right to furnish the services of Talent in connection with this agreement.").)

Plaintiffs do not dispute that they are parties to the March 2 Letter Agreement and, as shown above, affirmatively allege in the Complaint that they contracted with Vakko. (*See* Compl. ¶11.)  Indeed, without the March 2 Letter Agreement, Plaintiffs would have no contractual privity with Vakko.[5]

The "product" resulting from Martinez's modeling services was to be used by Vakko in connection with the Vakko Spring/Summer 2006 ad campaign.  (March 2 Letter

---

[4] Although the March 2 Letter Agreement appears to have been executed prior to the March 6 Letter Agreement, there is no allegation that Starworks did not have the authority to enter into the March 2 Letter Agreement on behalf of Plaintiffs.

[5] Although the Complaint dates the parties' agreement on March 6, Starworks, not unreasonably, assumed that Plaintiffs were in fact referring to the March 2 Letter Agreement, as it is the agreement which gives Plaintiffs privity with Vakko and thus presumably is the agreement underlying Plaintiffs' contract claim against Vakko.  (*See* Pl. Mem. at 3 ("[The March 6 Letter Agreement] was not executed by Vakko, and Vakko is not a party to [the March 6 Letter Agreement].")  Plaintiffs did not attach a contract to their Complaint.

- 3 -

Agreement at 3.) The March 2 Letter Agreement provides that "Starworks and Talent [Martinez] acknowledge and agree that Vakko shall own all rights now or hereafter known in and to the product of Performer's services under the Agreement." (March 2 Letter Agreement at 3; *see also* March 6 Letter Agreement at 3 ("Performer [Martinez] acknowledges and agrees that Vakko owns all rights… to the product of [Martinez's] services under the Agreement.")

As celebrity casting agent, Starworks's sole role in this transaction was to engage the modeling services of Martinez for Vakko, in accordance with the terms set out in the March 6 Letter Agreement, and to compensate Martinez for his modeling services in accordance with both the March 6 and March 2 Letter Agreements. (*See* March 6 Letter Agreement at 1 ("This letter shall confirm the terms pursuant to which Starworks shall engage… Martinez… to provide… services for the Spring/Summer VAKKO Men's Campaign…."); March 2 Letter Agreement at 1 ("Starworks is being engaged exclusively to furnish the services of Talent [Martinez] in connection with the campaign.") There is no allegation in the Complaint that Starworks breached any of these obligations. Starworks itself had no right to use any images generated in connection with the provision of Martinez's modeling services to Vakko and no duties relating to those images.

**ARGUMENT**

**PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW**
**(First Cause of Action)**

Starworks has moved to dismiss Plaintiffs' contract claim on two grounds. First, the Complaint does not contain any allegation identifying (i) the provision of the parties' contract that Starworks allegedly breached; and (ii) any alleged act or omission by Starworks constituting the breach of that provision. (*See* Starworks Mem. at 4-6.) Second, Plaintiffs' contract claim is barred by the disclaimer contained in the March 2 Letter Agreement that provides that Starworks

- 4 -

is not liable for any misuse of Vakko's images of Martinez.  (*See id.* at 6.)  As demonstrated below, Plaintiffs' arguments in opposition fail to preserve their claim and, indeed, if credited, only serve to call into question their contract claim against Vakko.

> **A.     Plaintiffs' claim fails because Plaintiffs do not allege any breach of contract by Starworks.**

In their opposition brief, Plaintiffs argue they have stated a claim for breach of contract because they have alleged that (i) Plaintiffs and Starworks had a contract which laid out the terms pursuant to which Starworks was authorized to engage the modeling services of Martinez for Vakko (the March 6 Letter Agreement); and (ii) "Starworks breached the contract because the images [of Martinez] were used beyond the terms of its agreement with plaintiffs." (Pl. Mem. at 4.)  Plaintiffs' arguments fail, however, because, although Plaintiffs allege the existence of a contract between Starworks and Plaintiffs, Plaintiffs have not alleged any duty on the part of Starworks contained in that contract that Starworks breached.

In effect, Plaintiffs argue that they need not identify any particular contractual duty on the part of Starworks or any act or omission by Starworks that would constitute a breach of such a contractual duty.  Instead, Plaintiffs urge, Starworks can "be held fully liable for any use of Mr. Martinez's name and image," by any party whatsoever in the world at any time, that falls "beyond the terms of Starworks's agreement with Mr. Martinez."  (Pl. Mem. at 4.)

However, Plaintiffs can identify no provision in either the March 2 or March 6 Letter Agreements pursuant to which Starworks assumed such wide-ranging liability.  Starworks is a celebrity casting agent whose only contractual duties related to negotiating the deal between Martinez and Vakko, pursuant to the terms laid out in the March 6 Letter Agreement, and paying Martinez; for these services they received a $40,000 fee.  Neither the Complaint nor the parties' agreement reveals that Starworks had any contractual duty to control, approve or otherwise

monitor in any way any parties' use of the Vakko images of Martinez.  In order to survive a motion to dismiss, Plaintiffs must allege "the specific provisions of the contract upon which liability is predicated."  *Sud v. Sud*, 211 A.D.2d 423, 424, 621 N.Y.S.2d 37, 38 (1st Dep't 1995).  (*See also* Starworks Mem. at 4-6.)  Plaintiffs have not, and cannot, do so.

Moreover, the Complaint contains no allegation that Starworks participated in the alleged extra-contractual use of the Vakko images of Martinez.  Instead, Plaintiffs argue (without any citation to a contract provision) that Starworks is, in essence, "strictly liable" for any extra-contractual use of the Vakko images of Martinez by any party in the world at any time.  The parties' contract contains no such provision.

To state a claim for breach of contract, Plaintiffs' must identify the contractual duty owed by Starworks that Starworks breached.  Plaintiffs cannot do so, and accordingly, the breach of contract claim must be dismissed.

> **B.    Plaintiffs' claim for breach of contract is barred by the disclaimer in the Letter Agreement.**

The breach of contract claim against Starworks must be dismissed for the additional reason that the March 2 Letter Agreement, to which Plaintiffs are parties, contains a disclaimer absolving Starworks from any liability "for any misappropriation of or unauthorized use or reprint of [Martinez's] name, photograph, image or likeness as used by VAKKO."  (Letter Agreement at 2, ¶3; *see also* Starworks Mem. at 6.)  Plaintiffs argue that the disclaimer contained in the March 2 Letter Agreement does not apply to bar their claim because it is contained "in a separate agreement that is not mentioned in the complaint."  (Pl. Mem. at 4.)  Instead, Plaintiffs state that the Complaint derives from the March 6 Letter Agreement, which does not contain such a disclaimer.  (*Id.* at 3.)  However, Plaintiffs' claim fails because (i) the Complaint clearly relies on the March 2 Letter Agreement; and (ii) even if Plaintiffs' claim against Starworks was

- 6 -

somehow based solely on the March 6 Letter Agreement, the March 6 and March 2 Letter Agreements are part of one integrated contract to which Plaintiffs are parties, and Plaintiffs cannot ignore one part of that contract while invoking another.

### 1. The Complaint clearly relies on the March 2 Letter Agreement.

The Complaint alleges a contract between Plaintiffs, Starworks and Vakko. (Compl. ¶11.) Although Plaintiffs now state that the Complaint references only one agreement (the March 6 Letter Agreement) that assertion directly contradicts the Complaint's allegation of the parties' agreement and the inclusion in the Complaint of a contract claim against Vakko. As Plaintiffs point out, Vakko is not a party to the March 6 Letter Agreement. (Pl. Mem. at 3.) However, Plaintiffs do not dispute that they are parties to the March 2 Letter Agreement. Indeed, the March 2 Letter Agreement is the only contract to which Vakko, Starworks and Plaintiffs are all parties. Plaintiffs cannot use privity as both a sword and a shield. Accordingly, Plaintiffs must either accept the disclaimer that comes with the March 2 Letter Agreement, resulting in the dismissal of their claim, or drop their contract claim against Vakko because they have failed to allege any contract with Vakko.

### 2. Plaintiffs cannot avoid the provisions of the March 2 Letter Agreement by alleging only a portion of the parties' agreement.

Even if Plaintiffs persist in the fiction that the Complaint is based on only one half of the two agreements to which they are a party that make up the transaction at issue, they cannot avoid the effect of the disclaimer in the March 2 Letter Agreement. The March 2 and March 6 Letter Agreements are two parts of the parties' integrated contract and, as such, must be interpreted together.

"[W]here two or more writings are executed as part of the same general transaction, they are to be read together as part of the same agreement." *Houbigant, Inc. v. ACB Mercantile*, 914 F. Supp. 964, 994 (S.D.N.Y. 1995); *see also Korea Life Ins. Co. Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 269 F. Supp.2d 424, 445 (S.D.N.Y. 2003) ("[S]eparately executed documents, executed at the same time for an integrated purpose, should be understood to constitute the "same bargain."); 3 Corbin on Contracts § 549, at 188-190 (1960) (stating that "the terms of [a contract] agreement may be expressed in two or more separate documents…. These documents should be interpreted together, each one assisting in determining the meaning intended to be expressed by the other. This is true whether the documents are all executed by a single party or by two or more parties, and whether some of the documents are executed by parties who have no part in executing the others.").

The March 2 and March 6 Letter Agreements are manifestly part of the same bargain. The March 2 Letter Agreement specifically references the March 6 Letter Agreement, and the March 6 Letter Agreement, the purpose of which is to provide Starworks with the authority to enter into the March 2 Letter Agreement on behalf of Plaintiffs, has no meaning or effect without the March 2 Letter Agreement. Accordingly, Plaintiffs' contract claim is barred by the disclaimer contained in the March 2 Letter Agreement, regardless of whether they alleged that agreement in their Complaint. *See Korea Life Ins. Co. Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 269 F. Supp.2d 424, 445 (S.D.N.Y. 2003) (holding defendant could not hide behind the "false defense of lack of privity" to assert its rights pursuant to one agreement but avoid a provision in the related agreement).

## CONCLUSION

For all the foregoing reasons, Starworks respectfully requests that this Court grant its motion to dismiss the Complaint as to Starworks in its entirety.

Dated:   New York, New York
         February 6, 2008

                        STEPTOE & JOHNSON LLP

                        By:   /s/ Evan T. Barr
                              Evan T. Barr (EB-1438)
                              Lara E. Romansic (LR-9236)
                              750 Seventh Avenue, Suite 1900
                              New York, New York 10019
                              (212) 506-3900

                              *Attorneys for Defendants*
                              *Vakko Holdings A.S., Vakko Tekstil*
                              *ve Hazir Giyim Sanayi Isletmeleri A.S.,*
                              *Cem Hakko and Starworks, LLC*

Doc. #12270 v.1