```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
OLIVIER MARTINEZ AND SHEEBA, INC.,  :
                                    :
              Plaintiffs,           :   07 Civ. 3413 (LAP)
                                    :
    -against-                       :   MEMORANDUM AND ORDER
                                    :
VAKKO HOLDING A.S., et al.,         :
                                    :
              Defendants.           :
                                    :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/08

LORETTA A. PRESKA, U.S.D.J.:

Plaintiff Olivier Martinez alleges that Defendants breached an agreement which restricted the use of certain photographs of Martinez taken at a shoot in Beverly Hills in March 2006. Before the Court is a motion to dismiss the Complaint by Starworks, LLC ("Starworks"), a celebrity casting company. For the reasons discussed below, the motion is granted.

## BACKGROUND

The Complaint alleges that Plaintiff Martinez and his "loan-out" company, Sheeba, Inc., entered into an agreement on March 6, 2006 with Starworks and a Turkish clothing company, Vakko Tekstil Ve Hazir Giyim Sanayi Isletmeleri, A.S. ("Vakko"), for Martinez's services as the "face" of Bakko's 2006 Spring-Summer men's advertising campaign in Turkey. Pursuant to the agreement, on March 7, 2006, Martinez was photographed in

Beverly Hills, and various images were obtained for exclusive use in the Spring campaign. Under the contract, Vakko's use of the images was limited to (i) the period between March 26, 2006 and July 10, 2006; (ii) "in Turkish language advertising;" (3) in Turkey; and (iv) for the Spring campaign. The contract also guaranteed Martinez approval rights over the images. (Compl. ¶ 12.)

The Complaint alleges that despite these express limitations on the commercial use of the images, Vakko (i) used the images beyond the July 10, 2006 termination date, (ii) for purposes other than the Spring campaign, (iii) in bilingual advertisements outside of Turkey, and (iv) for additional advertising campaigns.

The only allegations in the Complaint regarding Starworks is that the company "knew" that Vakko "did not have [P]laintiffs' authority of consent to use the images in [a] Turkish Airline's in-flight magazine" (Compl. ¶ 21) and that Starworks was "aware that the worldwide usage rights would have cost millions of dollars, if they would have been available at all" (Compl. ¶ 28).

DISCUSSION

I.  Standard Governing Motions to Dismiss

Starworks moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A court will dismiss a complaint for failure to state a claim when the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, ___ U.S. ___ 127 S.Ct. 1955, 1974 (2007). The factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The Court, however, will accept as true the facts as alleged in Plaintiff's Complaint. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). All reasonable inferences are to be drawn in the Plaintiff's favor. Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004).

II. The Breach of Contract Claim

The Complaint alleges five causes of action, but only the first of these claims – for breach of contract – names Starworks as a defendant. (Compl. ¶¶ 18-29.) The contract in question provides that New York law governs the interpretation of its provisions. (Compl. Ex. 1 at 5.)

Under New York law, in order to prevail on a breach of contract claim, a plaintiff must establish: (1) the existence of a contract; (2) performance by the party seeking recovery; (3)

nonperformance by the other party; and (4) damages attributable to the breach. Musket Corp. v. PDVSA Petroleo, S.A., 512 F. Supp. 2d 155, 160 (S.D.N.Y. 2007). Defendant makes two arguments in favor of dismissal: first, that the Complaint fails adequately to allege any breach on the part of Starworks (Def.'s Mem. at 4-6)[1], and second, that Plaintiffs' claim for breach of contract is barred by a disclaimer in a separate agreement executed on March 2, 2006 (Def.'s Mem. at 6-7).

Because the Court concludes that the Complaint does not adequately allege any breach on the part of Starworks, it need not consider the disclaimer argument.[2] Starworks's obligation under the contract with Plaintiffs was simply to "furnish the services of [Martinez]." (Compl. Ex. 1 at 1.) There is no allegation in the Complaint of any failure to fulfill this obligation. Indeed all of the allegations in the Complaint about the improper use of the images of Martinez are of conduct attributable to Vakko. (See, e.g., Compl. ¶¶ 1, 13 (alleging that Vakko did not confine its usage of Martinez's image to

---

[1] "Def.'s Mem." refers to Starworks, LLC's Memorandum of Law in Support of its Motion to Dismiss the Complaint, dated September 26, 2007.

[2] In a sense, the fact that Court does not reach the disclaimer argument is fortunate for Plaintiffs because they do not address the issue at all in the one page of legal analysis contained in their opposition to the motion to dismiss. (See generally Memorandum of Law in Opposition to Defendant Starworks, LLC's Motion to Dismiss ("Pls.'s Mem."), dated January 21, 2007 [sic].)

- 4 -

Turkish language publications or the Spring advertising campaign).)

A breach of contract claim will be dismissed where a plaintiff fails to allege "the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." Highlands Ins. Co. v. PRG Brokerage, Inc., No. 01 Civ. 2272, 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) (quoting Sud v. Sud, 211 A.D.2d 423, 423, 621 N.Y.S.2d 37, 38 (1st Dep't 1995); see also Sheridan v. Trustees of Columbia University In City of New York, 296 A.D.2d 314, 315, 745 N.Y.S.2d 18, 19 (1st Dep't 2002) ("The breach of contract claim . . . does not allege the essential terms of the note or the agreement in nonconclusory language, or plaintiff's performance of his obligations thereunder"); Kraus v. Visa Intern. Service Ass'n, 304 A.D.2d 408, 408, 756 N.Y.S.2d 853, 854 (1st Dep't 2003) ("Also properly dismissed for failure to state a cause of action were plaintiff's breach of contract claims since plaintiff failed to allege the breach of any particular contractual provision").

Beyond simply referencing the conclusory allegations of breach in the Complaint – which, as discussed above, are inadequate to state a claim under New York law – Plaintiffs' only substantive response to the motion to dismiss is that because Starworks, in a separate agreement, sought

indemnification from Vakko for any "misappropriation of or unauthorized use of [Martinez's] name, photograph, image or likeness," Starworks "knew that [it] could be held fully liable for any use of Mr. Martinez's name and image beyond the terms of Starworks's agreement with Mr. Martinez." (Pls.' Mem. at 4.) Any agreement between Starworks and Vakko is, of course, irrelevant to the claim of breach of contract between Plaintiffs and Starworks. A breach of contract is, by definition, a "[v]iolation of a contractual obligation by failing to perform one's own promise," not someone else's. See Black's Law Dictionary 182 (7th ed. 1999) (emphasis added); see also Bank of New York v. Tri Polyta Finance B.V., 2003 WL 1960587, at *3 (S.D.N.Y. Apr. 25, 2003) ("The two elements of a breach of contract claim are that (1) a contract existed between the parties; and (2) the defendant(s) committed an act in violation of that contract") (emphasis added). Therefore, because Plaintiff has alleged no act or omission that would constitute a breach of any contractual obligation to Plaintiffs on the part of Starworks, the claim must be dismissed.

CONCLUSION

For these reasons, the motion to dismiss (dkt. no. 15) is GRANTED.

SO ORDERED:

Dated:   New York, New York
         July 23, 2008

                                    LORETTA A. PRESKA, U.S.D.J.